IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VYRON UNTION PORTIS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-0918-N-BK |
| | § | |
| LUPE VALDEZ, et al., | § | |
|     Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. Doc. 1. Before the Court is *Defendant Valdez's Motion to Dismiss Under Rule 41(b)*, Doc. 28. For the reasons that follow, Defendant Valdez's motion should be **GRANTED**.

**I.   BACKGROUND**

On October 19, 2015, the Court issued several orders on matters pending in this case, including an order directing the Clerk of the Court to issue summons to Defendants. Doc. 20. On January 29, 2016, however, copies of the orders were returned to the Court as undeliverable because Plaintiff was no longer confined at the Dallas County Jail. Doc. 28

Because Plaintiff filed the complaint on the form for filing actions under 42 U.S.C. § 1983, he was on notice that he had the responsibility to inform the court of any change of address and its effective date, and that failure to file a notice of change of address may result in the dismissal of the case for failure to prosecute. *See* Doc. 3 at 2, paragraph titled Change of Address. The Notice and Instructions to *Pro Se* Party, which the Clerk of the Court mailed to Plaintiff when this case was filed, similarly advised him of the requirement to keep the Court informed of his change of address. Doc. 2 at 1, ¶ 2. Additionally, Plaintiff has failed to timely

respond to the instant motion or to *Defendant Valdez's Motion to Dismiss Under Rule 12(b)(6)*, both of which he presumably opposes.  Doc. 26.

## II.   ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has had ample time to advise the Court of his current address.  The Court is not required to delay disposition in this case until such time as Plaintiff does so.  Therefore, this action should be dismissed without prejudice for lack of prosecution.  *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

## III.   CONCLUSION

For the foregoing reasons, *Defendant Valdez's Motion to Dismiss Under Rule 41(b)*, Doc. 28, should be **GRANTED** and Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**SO RECOMMENDED** on March 18, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) ; Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE